941 F.2d 1207
 2 NDLR P 63
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Carl Ray SARGENT, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 90-1521.
 United States Court of Appeals, Fourth Circuit.
 Argued March 5, 1991.
Decided Aug. 22, 1991.
 
 Appeal from the United States District Court for the District of South Carolina, at Charleston. Sol Blatt, Jr., Senior District Judge. (CA-87-1084-8J)
 Constantine S. Christophillis, Jr., Culbertson, Christophillis & Sauvain, Greenville, S.C., for appellant.
 Ronald Lamar Paxton, Assistant Regional Counsel, Department of Health and Human Services, Atlanta, Ga., (Argued), for appellee; Bruce R. Granger, Chief Counsel, Region IV, Mack A. Davis, Deputy Chief Counsel for Social Security Litigation and Programs, Mary Ann Sloan, Principal Regional Counsel for Social Security Disability Litigation, Haila Naomi Kleinman, Supervisory Assistant Regional Counsel, Christine Bradfield, Assistant Regional Counsel, Department of Health and Human Services, Atlanta, Ga., Stuart M. Gerson, Assistant Attorney General, United States Department of Justice, Washington, D.C., E. Bart Daniel, United States Attorney, Columbia, S.C., on brief.
 D.S.C., 739 F.Supp. 1067.
 REVERSED AND REMANDED.
 Before SPROUSE, Circuit Judge, JAMES C. HILL, Senior Circuit Judge of the United States Court of Appeals for the Eleventh Circuit, sitting by designation, and HIRAM H. WARD, Senior United States District Judge for the Middle District of North Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Carl Ray Sargent appeals a denial of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Sargent filed his application for fees thirty two days after the District Court entered final judgment in the matter. It was therefore deemed to have been untimely filed. We reverse.
 
 I.
 
 2
 On August 20, 1984, Appellant Carl Ray Sargent applied for social security disability and supplemental security income benefits. After lengthy administrative proceedings, the Administrative Law Judge (ALJ) denied Sargent benefits. This determination became the final decision of the Secretary of Health and Human Services by action of the Social Security Appeals Council on March 4, 1987. Sargent then initiated a civil action in the United States District Court for the District of South Carolina to obtain judicial review of the denial as provided by 42 U.S.C. §§ 405(g) and 1383(c)(3).
 
 
 3
 On May 11, 1988, the Magistrate Judge remanded the action to the Secretary for further administrative proceedings, having found a lack of substantial evidence supporting the ALJ's decision. Thereafter, on September 19, 1988, the Appeals Council issued its decision finding Sargent disabled and fully entitled to benefits as of June 30, 1982. On April 10, 1989, upon motion of Sargent and with consent of the Secretary, the District Court issued an order entering final judgment in favor of Sargent under the authority of Guthrie v. Schweiker, 718 F.2d 104 (4th Cir.1983).
 
 
 4
 On May 12, 1989, 32 days after entry of the District Court's judgment, but 30 days after his receipt of it through the mail, Sargent filed his Motion for Attorney's Fees and Costs Pursuant to the EAJA. The Secretary then filed a Motion to Dismiss Sargent's EAJA application on the grounds that it was not timely filed. Sargent responded that the order of April 10 was an appealable order, not a "final" one, giving him a total of 90 days from the date of the order to file his EAJA application. Additionally, Sargent argued that even if the April 10 judgment was not appealable, Rule 6(e) of the Federal Rules of Civil Procedure would add three additional days to the 30-day prescribed period under the EAJA to effectuate service by mail.
 
 
 5
 On December 25, 1989, the Magistrate Judge recommended that Sargent be awarded attorney's fees and costs. He held that the District Court's order of April 10, 1989, was a final judgment under the EAJA, which started the 30-day time limit for filing his petition from that date. The Magistrate Judge further held that Rule 6(e) operated to give Sargent three additional days in which to file his petition. Because Sargent filed it within 33 days after April 10, the petition was timely.
 
 
 6
 The Secretary objected to the portion of the Magistrate's recommendation which held that Rule 6(e) applied, but not to any other aspects of the recommendation, including the amount of fees awarded.[1] On July 11, 1990, the District Court denied Sargent's EAJA application. Judge Blatt held that while the order of April 10 was indeed a final judgment, Rule 6(e) would not extend the filing time because the 30-day limit of the EAJA was to be strictly construed. Therefore, Sargent's application was untimely. Sargent appeals.
 
 II.
 
 7
 The sole issue on appeal is whether Sargent's application for fees under the EAJA was timely. To support his contention that it was, Sargent makes two arguments. First, that the April 10 order was a "final judgment" within the meaning of the EAJA; and second, in the alternative, that Rule 6(e) of the Federal Rules of Civil Procedure operated to extend the 30-day limit for filing a petition for fees and costs under the EAJA.
 
 
 8
 The Supreme Court recently cleared the confusion among the Circuits concerning the meaning of a "final judgment" under the EAJA. 28 U.S.C. § 2412(d)(2)(G). In Melkonyan v. Sullivan, 59 U.S.L.W. 4612 (U.S. June 10, 1991), vacating and remanding 895 F.2d 556 (9th Cir.1990), the Court unanimously held that "a 'final judgment' for purposes of 28 U.S.C. § 2412(d)(1)(B) means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received. The 30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired." Id. at 4614. This recognition that a "final judgment" must be issued in the court before which the civil action is pending is consistent with our holding in Guthrie v. Schweiker, 718 F.2d 104 (4th Cir.1983). A difference in Melkonyan from our holding in Guthrie, however, is that the 30-day time period begins to run only after the time to appeal the District Court's final judgment has expired.
 
 
 9
 Melkonyan further clarified the Court's holding in Sullivan v. Finkelstein, 110 L.Ed.2d 563, 110 S.Ct. 2658 (1990), by stating that under 42 U.S.C. § 405(g), only two types of remand are permitted: a sentence four remand and a sentence six remand.[2] Melkonyan, 59 U.S.L.W. at 4615. In Melkonyan, the Court stated that in § 405(g) actions, such as the one currently before this Court, "remand orders must either accompany a final judgment affirming, modifying, or reversing the administrative decision in accordance with sentence four, or conform with the requirements outlined by Congress in sentence six." Id. at 4616.
 
 
 10
 This distinction is important because "[i]n sentence four cases, the filing period begins after the final judgment is entered by the court and the appeal period has run ..." and "[i]n sentence six cases, the filing period does not begin until after the post-remand proceedings are completed, the Secretary returns to court, the court enters a final judgment, and the appeal period runs." Melkonyan, 59 U.S.L.W. at 4616.
 
 
 11
 In this case, it seems clear that the initial remand to the Secretary by the Magistrate Judge on May 11, 1988 was not a sentence four remand. The Magistrate Judge's order did not affirm, modify, or reverse the Secretary's decision. Nor can the Magistrate Judge's Order of May 11, 1988 be rightly construed as a "judgment" under sentence four. Rather, the Magistrate Judge simply found that there was not substantial evidence to support the ALJ's findings, and remanded the action with instructions to consider additional evidence. In light of this, it could be argued that a sentence six remand was intended. However, Melkonyan instructs that a district court may remand under sentence six of § 405(g) "in light of additional evidence ... only if the claimant shows good cause for failing to present the evidence earlier." Id. at 4615.
 
 
 12
 In this case, as in Melkonyan, the Court below did not make a finding that Sargent had shown "good cause." Neither, apparently, did the Magistrate Judge examine new evidence. Rather, he found that the Secretary had incorrectly applied the relevant regulations and had failed to make certain evaluations based on the evidence in the record. It seems, then, that the requirements for a sentence six remand were not met. This particular remand does not fit within either of the two remands held acceptable under Finkelstein and Melkonyan.
 
 
 13
 For guidance then, we look to Myers v. Sullivan, 916 F.2d 659 (11th Cir.1990), where the Eleventh Circuit was faced with a similar remand problem.[3] Here, as in three of the four consolidated cases in Myers, the Magistrate Judge remanded to the Secretary for further consideration on the basis that there was not substantial evidence in the record to support the Secretary's decision. In Myers, the remands took place prior to the Supreme Court's decision in Finkelstein. The Eleventh Circuit, applying the three part test set out in Chevron Oil Co. v. Huson, 404 U.S. 97 (1971), held that Finkelstein should not be applied retroactively to the cases in Myers. The Myers Court emphasized the Congressional intent that courts should "avoid an overly technical construction" of the timeliness requirement in order not to use this section "as a trap for the unwary resulting in the unwarranted denial of fees." Myers, 916 F.2d at 671 (quoting H.R.Rep. No. 120, 99th Cong., 1st Sess. 18 n. 26, reprinted in 1985 U.S.Code Cong. & Admin.News 132, 146 n. 26). Although the general rule is to apply such decisions retroactively, we find the reasoning of Myers persuasive, and decline to apply Finkelstein and Melkonyan to the facts of this case.
 
 
 14
 We must first note another recent decision of the Supreme Court in James B. Beam Distilling Co. v. Georgia, 59 U.S.L.W. 4735 (U.S. June 20, 1991), reversing and remanding 259 Ga. 363, 382 S.E.2d 95 (1989). While we acknowledge that Beam places some limits on the utility of the Chevron analysis, we do not feel that it alters the outcome in this case.
 
 
 15
 In Chevron Oil Co. v. Huson, the Supreme Court set forth the test to determine whether a rule of law should be applied retroactively in a civil case:
 
 
 16
 First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed. Second, it has been stressed that "we must ... weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." Finally, we have weighed the inequity imposed by retroactive application, for "[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the 'injustice or hardship' by a holding of nonretroactivity."
 
 
 17
 404 U.S. at 106-107 (citations omitted). Applying the Chevron factors, we agree with the Myers court that Finkelstein and Melkonyan would indeed constitute a "decision of first impression whose resolution was not clearly foreshadowed." In this Circuit, the law in this regard prior to Finkelstein and Melkonyan was Guthrie v. Schweiker, 718 F.2d 104 (4th Cir.1983). Under Guthrie, a remand such as the one in this case would have been an interlocutory order. Id. at 106. The later approach of Finkelstein and Melkonyan would not have been "clearly foreshadowed" as of May 11, 1988. Indeed, the position of the Secretary in 1989 was consistent with Guthrie's position that "remand orders in Social Security cases are not final, appealable orders." 718 F.2d at 106. See Sullivan v. Hudson, 490 U.S. 877, 887 (1989). Additionally, Guthrie was "clear Circuit precedent on which the complaining party was entitled to rely." Goodman v. Lukens Steel Co., 482 U.S. 656, 662 (1987).
 
 
 18
 In Goodman and St. Francis College v. Al-Khazraji, 481 U.S. 604, reh'g denied, 483 U.S. 1011 (1987), the Supreme Court stated that under Chevron, nonretroactivity is appropriate when a decision overrules clear Circuit precedent such as Guthrie. See Grimes v. OwensCorning Fiberglass Corp., 843 F.2d 815, 819 (4th Cir.), cert. denied, 488 U.S. 889 (1988). We have no difficulty in determining that the first tier of Chevron is satisfied here.
 
 
 19
 We now turn to the second and third parts of the Chevron test, noting that while the three factors are interrelated, they need not be each fully satisfied to preclude retroactivity. Cash v. Califano, 621 F.2d 626 (4th Cir.1980). However, we find that all three factors are independently satisfied here. Applying the second factor, we must examine the purpose of the Finkelstein and Melkonyan rules and determine whether retroactive application would further or retard their operation. Grimes, 843 F.2d at 819. We believe that retroactive application of these rules would retard the purpose of the EAJA. Myers stated that a retroactive application would contravene the clear Congressional intent that the 30-day deadline not be construed in an overtechnical manner and that the deadline not be "a trap for the unwary." Myers, 916 F.2d at 678. We agree.
 
 
 20
 Lastly, the third factor requires an equitable inquiry. We believe that retroactive application of the Finkelstein rule would produce substantially inequitable results for both claimants and for the Secretary. At oral argument, Sargent admitted that he moved for final judgment under Guthrie. This is reflected in the District Court's order of April 10. To retroactively apply Melkonyan and Finkelstein to this case would disturb both Sargent's and the Secretary's past reliance on the clear law of this Circuit at that time. We decline to do so.
 
 
 21
 Having decided not to apply the Finkelstein and Melkonyan rules retroactively, we now must turn to the facts of the case before us. Under the then prevailing law as expressed in Guthrie, remand orders were interlocutory, nonappealable orders. Id. at 106. Therefore, we hold that the Magistrate Judge's remand order of May 11, 1988, was interlocutory, and subject to appeal only after the District Court had entered final judgment on April 10, 1989.
 
 
 22
 It is clear that under Melkonyan, then, Sargent's petition would have been timely filed. However, since we decline to apply Melkonyan to this case, we must determine whether, under the law at the time Sargent filed his petition, he was entitled to reap the advantance of the 60-day appeal period commencing from April 10, 1989. We hold that he was.
 
 
 23
 The District Court clearly stated in its order entering final judgment on April 10 that it was doing so under Guthrie. Under the law in 1983, when Guthrie was decided, the 30-day time period for filing a petition under the EAJA ran from the date of final judgment. Guthrie cited with approval the rule in McQuiston v. Marsh, 707 F.2d 1082, 1085 (9th Cir.1983). Guthrie, at 106. At the time McQuiston was decided, the EAJA provided only that a person seeking attorney's fees "shall, within thirty days of final judgment in the action, submit to the court an application...." Pub.L.No. 96-481, § 204(a), 94 Stat. at 2328. The Court in McQuiston, interpreting this statute, construed the phrase "final judgment" in accordance with that phrase's "common usage in contexts such as 28 U.S.C. § 1291, Fed.R.App.P. 4(a), and Fed.R.Civ.P. 54." McQuiston, 707 F.2d at 1085. Indeed, Guthrie held likewise. Guthrie, at 106. Under this interpretation, a party was required to file his application for fees within 30 days after the court entered judgment. No additional time was allowed for the possibility of appeal.
 
 
 24
 Other courts disagreed with the McQuiston approach and formulated one which allowed a claimant to file a petition no later than thirty days after the trial court's judgment was no longer appealable. McDonald v. Schweiker, 726 F.2d 311, 313 (7th Cir.1983). This approach eventually became the rule. In 1985, in order to remedy the split between the Circuits, Congress, in reenacting the EAJA, explicitly adopted the McDonald approach. Congress amended the statute to add a definition of "final judgment" as "a judgment that is final and not appealable, and includes an order of settlement." Equal Access to Justice Act, Extension and Amendment, Pub.L.No. 99-80, § 2(c)(2), 99 Stat. 183, 185 (1985) (codified at 28 U.S.C. § 2412(d)(2)(G)).
 
 
 25
 We hold that the 1985 amendment to the EAJA's filing deadline superseded Guthrie and operated to extend the allowable time for filing of a petition for attorney's fees to include the 60-day period for filing an appeal after the court entered a final judgment. Under this analysis, it is clear that the District Court below erred in not allowing Sargent's petition.
 
 
 26
 There is an exception, recognized in Myers, which "exist[s] only when the Secretary provides clear and unequivocal notice that he is waiving his right to appeal the district court's post-remand judgment." Myers, 916 F.2d at 672 (citing 28 U.S.C. § 2414[4]). The Secretary argues that his consent to Sargent's Motion to affirm his final decision, combined with Sargent's fully favorable administrative decision, constitutes such "clear and unequivocal notice." However, in agreement with Myers, we are of the opinion that it is possible that the Secretary could indeed choose to appeal. "The fact that the Secretary, under the compulsion of the district court's remand order, arrived at a new decision need not change the fact that the Secretary might believe that the first remand decision was erroneous." Myers at 673. The Myers court found support for this idea in one of this Court's opinions, Harper v. Bowen, 854 F.2d 678, 681 (4th Cir.1988). In Harper, although we did not decide the issue, we felt that such an appeal under 42 U.S.C. § 405(g) was possible. While we still think that this issue need not be addressed directly in this case, we agree with Myers that the Secretary's argument in this regard in unconvincing. In such a situation, we agree with Myers and McDonald that mere acquiescence in the final judgment does not constitute such clear and unequivocal notice of a waiver of the Secretary's right to appeal.
 
 
 27
 As we have determined that Sargent's application was timely, we decline to reach Sargent's second issue, whether Rule 6(e), Fed.R.Civ.P., operates to extend the time for filing his petition by three days. Nor do we need to entertain the Secretary's other argument that Sargent waived his right to appeal the issue of whether the April 10 order was a final judgment because he did not object to the Magistrate Judge's finding that it was final.
 
 
 28
 Accordingly, we reverse the holding of the District Court that Sargent's application was untimely filed and remand with the instructions that the fees previously approved by adoption of that portion of the Magistrate Judge's report be awarded.
 
 
 29
 REVERSED AND REMANDED.
 
 
 
 [1]
 The District Court expressly adopted the portion of the Magistrate Judge's report which awarded $9,684.66 in fees in the event this Court determines that the petition was timely
 
 
 [2]
 Referring to the fourth and sixth sentences of 42 U.S.C. § 405(g)
 
 
 [3]
 Although there was no problem in Myers with the timeliness of the EAJA petitions, we will apply Chevron analysis to the Melkonyan rule which starts the 30-day clock running only after the time for appeal has lapsed
 
 
 [4]
 28 U.S.C. § 2414 provides: "Whenever the Attorney general determines that no appeal shall be taken from a judgment or that no further review will be sought from a decision affirming same, he shall so certify and the decision shall be deemed final."