**Brenda AUDETTE**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES.**

Civ. A. No. 84–0467 P.

United States District Court, D. Rhode Island.

Oct. 11, 1991.

David Green, Providence, R.I., for plaintiff.

Michael Iannotti, Asst. U.S. Atty., Providence, R.I., for defendant.

## MEMORANDUM AND ORDER

PETTINE, Senior District Judge.

Plaintiff commenced this action in 1984, challenging the denial of disability benefits by the Secretary. After a seven year history, plaintiff moves for Entry of Final Judgment in this action. While the entry of such a judgment may at first seem academic, this Court realizes plaintiff's ability to recover attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 depends on this motion. However, based on the reasons set forth below, the Motion for Entry of Final Judgment is denied.

### I

Brenda Audette was first hospitalized in October 1981 for back pain and pain radiating down her left leg. In the next two years, Ms. Audette twice underwent hip and back surgery to alleviate the pain. In March of 1983, she applied for disability insurance benefits, claiming that pain and numbness in her leg and back prevented her from sitting or standing for more than three hours at a time.

The Administrative Law Judge (ALJ) found her condition to be "severe impairment" under the Social Security regulations. Nevertheless, he concluded that she could sit for the eight hours required for performance of her previous jobs; the ALJ ruled that Ms. Audette was not disabled.

The Appeals Council declined review and adopted the ALJ's decision as the final decision of the Secretary. The United States District Court for the District of Rhode Island affirmed. The Court of Appeals for the First Circuit found that the Secretary's decision was not supported by substantial evidence and vacated the judgment of the district court.

Although the next steps in this litigation are primarily procedural, they are dispositive of the Motion for Entry of Final Judgment. The First Circuit ordered: "Accordingly, we remand the case with the understanding that the Secretary will either find disability or reopen the proceeding to take additional evidence. The Judgment of the district court is vacated, and the case is remanded with instructions to remand to the Secretary for further proceedings." *Audette v. Secretary of Health and Human Services*, No. 86–1015, slip. op. at 6 (1st Cir. Sept. 22, 1986) 802 F.2d 442 (table).

In accordance with that order, on October 22, 1986, the district court remanded the action "to the Secretary for further proceedings in accordance with the Opinion issued by the United States Court of Appeals for the First Circuit." *Audette v. Heckler*, No. 84–0467P (D.C.R.I. October 22, 1986).

On December 8, 1986, the Appeals Council vacated its denial of the claimant's request for review and remanded the case to an ALJ for further proceedings consistent with the Order of the Court. A hearing was held on June 16, 1987; the ALJ issued a recommended decision on September 16, 1987, finding Ms. Audette entitled to a closed period of disability. Ms. Audette had returned to work in the fall of 1984, and the ALJ determined her period of disability from October 1, 1981 until Decem-

ber 1984. The Appeals Council adopted the recommended decision on January 21, 1988, making it the final decision of the Secretary.

## II

Ms. Audette appealed the Secretary's decision under 42 U.S.C. § 1383(c)(3), which incorporates 42 U.S.C. § 405(g). 42 U.S.C. § 405(g) elaborates judicial review procedures for decisions of the Secretary of Health and Human Services.[1]

The U.S. Supreme Court in *Sullivan v. Finkelstein,* —— U.S. ——, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990) closely examined § 405(g) and found it authorized only two types of remands: remands pursuant to the fourth sentence and remands pursuant to the sixth sentence. The fourth sentence authorizes a court to enter "a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for rehearing." This type of remand contemplates no independent action by the Secretary; if the case is in fact remanded, the Secretary must follow the order of the district court.

1. Title 42 U.S.C. § 405(g) (1982) provides:

   "Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision within such further time as the Secretary may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia. As part of his answer the Secretary shall file a certified copy of the transcript of the record including evidence upon which the findings and decision complained of are based. The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive, and where a claim has been denied by the Secretary or a decision is rendered under subsection (b) of this section which is adverse to an individual who was a party to the hearing before the Secretary, because of failure of the claimant or such individual to submit proof in conformity with any

The sixth sentence of § 405(g) describes remands where new, material evidence has come to light and there is good cause for claimant's initial failure to incorporate such evidence into the record. After a sentence six remand and a further hearing at the administrative level, the Secretary must return to the district court with a transcript of the proceeding below and a new or modified finding of fact and decision. Under a sentence six remand, only then can the district court enter a final judgment in the case.

It is important to remember the timing in this case. The First Circuit rendered its remand opinion on September 22, 1986. The Secretary's award of benefits to Ms. Audette became final on January 21, 1988. Since that time, the U.S. Supreme Court has spoken directly and precisely concerning § 405(g) remands.

### A. *Civil Actions May Include Administrative Proceedings*

In *Sullivan v. Hudson,* 490 U.S. 877, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989), the U.S.

regulation prescribed under subsection (a) of this section, the court shall review only the question of conformity with such regulations and the validity of such regulations. The court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based. Such additional or modified findings of fact and decision shall be reviewable only to the extent provided for review of the original findings of fact and decision. The judgment of the court shall be final except that it shall be subject to review in the same manner as a judgment in other civil actions. Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Secretary or any vacancy in such office."

For the ease of the reader, as will become apparent in the discussion which follows, sentences four and six are underlined.

Supreme Court addressed the issue of § 405(g) remands and the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. EAJA permits the award of attorney's fees to a party prevailing against the United States "in any civil action ... in any court," 28 U.S.C. § 2412(d)(1)(A), upon an application made within thirty days of "final judgment in the action." 28 U.S.C. § 2412(d)(1)(B).

In *Hudson,* the Supreme Court held that EAJA allowed the award of attorney's fees for legal representation during administrative proceedings held pursuant to a district court remand order. The Court concluded that these types of administrative proceedings—held at the command of the district court—were actually part of the civil action. "[W]here administrative proceedings are intimately tied to the resolution of the judicial action ... they should be considered part and parcel of the action for which fees may be awarded." *Hudson,* 490 U.S. at 888, 109 S.Ct. at 2255. Thus, agency proceedings following a sentence four or a sentence six remand under § 405(g) can qualify for an EAJA award.

## B. *Termination of the Civil Action*

In 1990, the Supreme Court again addressed § 405(g) remand orders. *Sullivan v. Finkelstein,* —— U.S. ——, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990) held that a remand order for rehearing under the fourth sentence of § 405(g) was a final judgment subject to immediate appeal under 28 U.S.C. § 1291. Such a final judgment "terminated the civil action" that challenged the initial denial of benefits. *Id.* 110 S.Ct. at 2664. The *Finkelstein* court also painstakingly parsed the eight sentences of § 405(g). *Id.* at 2663–65. Again, the Supreme Court concluded that a remand to the Secretary could only be made pursuant to sentence four or sentence six.

*Hudson* showed that a civil action under § 405(g) extends for EAJA purposes to the administrative proceedings on remand. *Finkelstein* refined that holding. *Hudson* and *Finkelstein,* read together, contemplate that a civil action under § 405(g) sentence four remand extends for EAJA purposes to include ancillary administrative proceedings on remand, but that the civil action, so extended, terminates once a decision has been rendered by the Secretary. Under a sentence four remand, the decision of the Secretary is not appealable by either party. Sentence four remands direct the Secretary to rule in the manner ordered by the district court. Because a sentence four remand contemplates no independent action by the Secretary, an appeal would be pointless and is therefore not allowed. Of course, both parties were entitled to appeal at the previous stage, when the district court ordered a remand under sentence four.

## C. *§ 405(g) Remands under Sentence Four and Sentence Six*

Most recently, the Supreme Court considered *Melkonyan v. Sullivan,* —— U.S. ——, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991). Again, the Supreme Court was concerned with remand orders under § 405(g) and EAJA attorney fees awards. The award of EAJA fees requires a "final judgment" entered by a court. The *Melkonyan* opinion delineates the key difference between a sentence four and a sentence six remand.

In light of the foregoing, we conclude that in § 405(g) actions, remand orders must either accompany a final judgment affirming, modifying, or reversing the administrative decision in accordance with sentence four, or conform with the requirements outlined by Congress in sentence six. Construing remand orders in this manner harmonizes the remand provisions of § 405(g) with the EAJA requirement that a "final judgment" be entered in the civil action in order to trigger the EAJA filing period. 28 U.S.C. § 2412(d)(1)(B). *In sentence four cases, the filing period begins after the final judgment ("affirming, modifying, or reversing") is entered by the court and the appeal period has run, so that the judgment is no longer appealable. See § 2412(c)(2)(G). In sentence six cases, the filing period does not begin until after the postremand proceedings are completed, the Secretary returns to*

*court, the court enters a final judgment, and the appeal period runs.*

*Id.* 111 S.Ct. at 2165 (emphasis added).

Only sentence six remands contemplate retention of jurisdiction by the district court. "[For a sentence six remand] the district court does not affirm, modify, or reverse the Secretary's decision; it does not rule in any way as to the correctness of the administrative determination. Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding." *Id.* at 2163.

A remand order not promulgated under sentence four is not necessarily a sentence six remand. In *Melkonyan*, a remand had been sought specifically on the basis of new and material evidence. *Id.* at 2160. However, the Supreme Court did not conclude that the case involved a sentence six remand order since the district court made no finding as to "good cause." *Id.* at 2165. With that ambiguity, the Supreme Court asked for clarification on whether the order was a remand under sentence six or a voluntary dismissal. *Id.* For remand orders under § 405(g), the remanding court must clearly and precisely follow the requirements of either sentence four or sentence six.

### III

Because Ms. Audette has filed a Motion for Entry of Final Judgment, she must believe that the remand of the district court came under sentence six. If this was in fact the case, the district court would have retained jurisdiction over the case until such a Final Judgment Order was entered. After the appeal period for such an order had run, Ms. Audette would have thirty days in which to file for an EAJA award.

The Secretary contends the district court's 1986 remand order was made pursuant to the fourth sentence of § 405(g). If this were true, no further action would be required by the district court after completion of the remand proceedings on the administrative level. Under this scenario, the final judgment occurred on October 22, 1986, and Ms. Audette applied for an EAJA award five years late.

### A

The district court based its remand entirely on the order of the First Circuit. We must examine the First Circuit order to determine whether the remand was ordered under § 405(g) sentence four or sentence six.

Unfortunately, the First Circuit opinion does not clearly provide the answer. The First Circuit vacated the decision of the ALJ and remanded by saying: "we remand the case with the understanding that the Secretary will either find disability or reopen the proceeding to take additional evidence." *Audette, supra*, at 6. In this context, the remand authority of the First Circuit and the district court is confined to sentence four or sentence six remands. The First Circuit's remand order does not fit neatly into either category outlined by the Supreme Court in its later decisions. *See Melkonyan, supra*, 111 S.Ct. at 2165.

What then did the First Circuit intend? Under the substantial evidence standard, the First Circuit vacated the judgment. One interpretation concludes that this is a sentence four remand—leaving nothing for the Secretary to do save comply with the First Circuit's order. If this interpretation is correct, the Motion should be denied.

However, the language suggesting additional proceedings allows another view. If the First Circuit was aware of additional evidence, it could have directed the Secretary to further investigate and not simply rubber stamp the First Circuit's order. This would be a sentence six remand if the claimant proved "good cause" existed for the absence of the additional evidence at the original hearing. However, the First Circuit order does not mention any previously undisclosed evidence; it does not find "good cause" for the lack of any evidence, known to the First Circuit or not.

## B

■ An examination of other federal court decisions since *Melkonyan* sheds scant light on the somewhat hazy current state of the law. Two district court decisions easily follow from the reasoning of *Melkonyan.* *See Nelson v. Sullivan,* No. 86–C–9219, 1991 WL 159091 (N.D.Ill. Aug. 14, 1991) (court had no subject matter jurisdiction to consider motion for EAJA award where no final district court order had been entered following a sentence six remand); and *Welter v. Sullivan,* 941 F.2d 674 (8th Cir.1991) (when the district court remanded without speaking to the merits of the case, the remand came under sentence six and the court retained jurisdiction until it rendered a final order). Neither of these cases aids the decision today. The First Circuit looked closely at the merits of the case and did not specifically remand under sentence six.

In an unreported opinion, *Sargent v. Sullivan,* No. 90–1521, 941 F.2d 1207 (table), full text available at 1991 WL 160091 (4th Cir. Aug. 22, 1991), the Fourth Circuit acknowledged *Melkonyan's* ruling but refused to apply it retroactively. In *Sargent,* the magistrate, having found a lack of substantial evidence, remanded the decision to the Appeals Council. Also, as in *Melkonyan* and our case, the court made no finding as to "good cause" for lack of any possible new evidence. The Fourth Circuit's opinion foreshadowed our present quandary: "[t]his particular remand does not fit within either of the two remands held acceptable under *Finkelstein* and *Melkonyan.*" *Id.* at *3.

For guidance, the Fourth Circuit looked to *Myers v. Sullivan,* 916 F.2d 659 (11th Cir.1990). At that time, the Eleventh Circuit faced a similar remand problem in that all remands took place prior to the Supreme Court's decision in *Finkelstein.* The Eleventh Circuit refused to apply the *Finkelstein* decision retroactively, relying on *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971).[2] Likewise, the Fourth Circuit refused to apply *Melkonyan* retroactively. *Sargent, supra,* at *4.

Similarly, in *Miller v. Sullivan,* No. 90–2408, 1991 WL 165067 (E.D.Pa. Aug. 23, 1991), the district court applied *Melkonyan* retroactively only as far as plaintiff was required to submit the fee application after the district court's remand under sentence four and not after a positive resolution on the merits. The court refused to apply *Melkonyan* retroactively to the extent plaintiff would be barred from filing a fee application due to running of the application period. *Id.* at *2.

The Fourth Circuit in *Sargent* briefly mentioned *James Beam Distilling Co. v. Georgia,* ____ U.S. ____, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991) but held, without explanation, that it did not apply to this situation. *Sargent, supra,* at *3. The *Miller* court did not mention *James Beam Distilling.* *See also Mautino v. Sullivan,* No. 86–0780–CV–W–6, slip op. at 3, n. 1 (W.D.Mo. July 1, 1991) (*Melkonyan* given prospective effect under a *Chevron Oil* analysis without discussing *James Beam Distilling* ).

## IV

With all respect to the courts' decisions in *Sargent, Miller,* and *Mautino,* this Court cannot ignore the *James Beam Distilling* decision. Defendant argues, and this Court must agree, that any Supreme

---

**2.** *Chevron Oil* considered the nonretroactive application of newly announced rules of law. In *Chevron Oil,* the Supreme Court announced three factors to consider when deciding whether a rule of law should be applied retroactively. The Court considered whether the decision established a new principle of law; the Court weighed the merits in each case by looking at the prior history of the rule in question, its purpose and effect, and whether retrospective operation would further or retard its operation; and the Court weighed any inequity imposed by the retroactive operation. *Chevron Oil,* 404 U.S. at 107–08, 92 S.Ct. at 355.

Indeed, if *Chevron Oil* alone spoke to retroactive applications, this Court would proceed through a careful consideration of each enunciated factor. However, the Supreme Court recently limited the *Chevron Oil* opinion. In *James Beam Distilling Co. v. Georgia,* ____ U.S. ____, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991), the Supreme Court radically changed its view of nonretroactive application of newly announced rules of law. *See* discussion *infra.*

Court rulings in this area since January 1988 must be applied retroactively. In *James Beam Distilling Co. v. Georgia,* —— U.S. ——, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991), Justice Souter held that when the Supreme Court has applied a rule of law to litigants in one case it must do so with respect to all others not barred by procedural requirements or res judicata.[3] To a great extent, this holding limits the retroactivity ruling from *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). "Once retroactive application is chosen for any assertedly new rule, it is chosen for all others who might seek its prospective application. The applicability of rules of law are not to be switched on and off according to individual hardship...." *James Beam Distilling, supra,* 111 S.Ct. at 2447–48.

In *Melkonyan,* the Supreme Court remanded the case back to the district court to determine if the original remand came under sentence four or sentence six. However, it is clear that the court would retroactively apply the *Melkonyan* substantive holding once the remand posture was clarified. Indeed, *Finkelstein* and *Hudson,* dealing earlier with this issue, applied their holdings retroactively. With these precedents, this Court must apply the *Melkonyan* standard retroactively in the present case.[4]

This Court agrees with the decision in *Fergason v. Sullivan,* 771 F.Supp. 1008 (W.D.Mo.1991). *See also Welter v. Sullivan, supra,* 941 F.2d at 677. The district court in *Fergason* found that *Melkonyan* applied retroactively under the *James Beam Distilling* decision. *Fergason, supra,* at 1012. The *Fergason* court also found its particular remand order pursuant

to sentence four. As with our case, the remanding court did not explicitly state it was reversing the Secretary's decision. "Rather, the order only indicated that it was remanding the case 'for further administrative action required to bring the decision of the ALJ within the parameters of established law.'" *Id.*

Although the First Circuit's remand order was not written with the benefit of *Melkonyan* as guidance, this Court believes the First Circuit contemplated a sentence four remand—one that directed the Secretary to follow the reasoning of the First Circuit. The remand order reversed or vacated the initial ALJ decision. The First Circuit found no new evidence to consider; it based the remand on a substantive review of the evidence in the case.

This view is confirmed by the fact that the Secretary did indeed follow the directive of the First Circuit. A new hearing was held—as is customary. A small amount of new evidence was introduced into the record.[5] However, the ALJ describes the hearing as "abbreviated" (ALJ Decision, September 16, 1987, at 3) and appears to have based his decision on a reweighing of prior evidence rather than on newly acquired evidence or testimony. With this knowledge, the Court concludes that the remand was meant as a sentence four remand.

### V

Having determined that *Melkonyan* applies retroactively to this case, this Court addresses the concerns raised in the *Fergason* decision. The *Fergason* court wondered how, under *Melkonyan,* a claimant in Ms. Audette's position could apply for fees within the appropriate time period and also

---

3. Concurring opinions discussed retroactivity in even firmer terms. "Unlike a legislature, we do not promulgate new rules to 'be applied prospectively only,' ... [Our role] derives from the integrity of the judicial review, which does not justify applying principals determined to be wrong to litigants who are in or may still come to court. We fulfill our judicial responsibility by requiring retroactive application of each new rule we announce." *James Beam Distilling, supra,* 111 S.Ct. at 2449–50 (J. Blackmun, concurring in the judgment).

4. After *Melkonyan* and *James Beam Distilling,* plaintiff's cite to *Alexander v. Heckler,* 612 F.Supp. 272 (D.C.R.I.1985) is of no avail.

5. At the June 16, 1987 rehearing, one page of doctor's notes and a vocational report were introduced into evidence. Ms. Audette and her mother both testified as well. ALJ Decision, Sept. 16, 1987.

comply with EAJA's requirement that she be a "prevailing party" at the time of filing. 28 U.S.C. § 2412(d)(1)(A). " '[P]revailing party' [i]s one who ultimately succeeds on the merits of the administrative decision appealed to the district court. It is not enough to have won a remand to the administrative level for further proceedings. Rather, the party must at least receive some of the benefits claimed in that initial appeal." *Fergason, supra,* at 1012.

The *Fergason* court, concerned with possible time-barring of EAJA award applications, did not take the *Melkonyan* decision far enough. It still operated under the pre-*Melkonyan* definition of "prevailing party." The point in *Melkonyan,* however, is that a sentence four remand—leaving no room for independent determination on the part of the ALJ—*does* make a claimant a prevailing party. Under a sentence six remand, the traditional notion of prevailing party remains the same. *See Alexander v. Heckler,* 612 F.Supp. 272 (D.C.R.I.1985) (remand order does not constitute final judgment to determine prevailing party). But under sentence four, the remand effectively ends speculation as to the final result. According to *Melkonyan,* a sentence four remand does make the claimant a prevailing party.

This definition of prevailing party differs from that of pre-*Melkonyan* times. *Fergason's* concern with confusion and procedural impossibility should put other courts on notice. Until courts clearly issue remand orders under § 405(g) sentence four or sentence six, claimants will be hard pressed to know when to file for EAJA awards. Many have already filed too late; more will miss filing dates or file prematurely just to be safe. *Melkonyan* will ultimately change the way courts issue § 405(g) remand orders throughout the federal court system. Unfortunately, there are claimants like Ms. Audette who find themselves caught in this procedural no-man's land.

### ORDER

Under a sentence four remand, no independent course of action exists for the Secretary. The First Circuit remanded Ms.

Audette's case under sentence four, after a substantive review of the evidence. On remand, the Appeals Council found Ms. Audette disabled and entitled to benefits under the Social Security Act. The Final Judgment of the district court was entered on October 22, 1986 with the remand order. Plaintiff's Motion for Entry of Final Judgment is denied.

SO ORDERED.