**Milagros SANTIAGO, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**No. 89–4597.**

United States District Court, E.D. Pennsylvania.

Jan. 24, 1992.

Eric J. Fischer, Disability Law Center of Fischer & Walkenhorst, Jenkintown, Pa., for plaintiff.

James G. Sheehan, Susan D. Bricklin, Asst. U.S. Attys., Philadelphia, Pa., for defendant.

## MEMORANDUM OF DECISION

McGLYNN, District Judge.

Before the Court is plaintiff's application for the award of attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (1985)[1].

---

**3.** Additionally, we see no reason to decline jurisdiction under section 1367(c).

**1.** Title 28 U.S.C. § 2412(d)(1)(A) provides:
Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought

The defendant, the Secretary of Health and Human Services ("the Secretary") contends that the application is untimely.

This case was originally brought by plaintiff under section 205(g) of the Social Security Act ("Act") as amended, 42 U.S.C. § 405(g) (1990), to obtain judicial review of a final decision of the Secretary denying her claim for a period of disability and disability benefits provided by the Act. Plaintiff, having been denied relief by the United States District Court for the Eastern District of Pennsylvania on July 9, 1990, appealed to the Third Circuit Court of Appeals and prevailed. The Third Circuit vacated the judgment of the district court and remanded the case to the district court with directions that the case be further remanded to the Secretary for proceedings consistent with the Third Circuit's opinion. *Santiago v. Sullivan*, 931 F.2d 51 (3d Cir. 1991). Pursuant to the mandate of the Court of Appeals, this Court on April 29, 1991 entered an order remanding the matter to the Secretary. On remand to the Secretary, an Administrative Law Judge found in favor of the plaintiff on August 28, 1991. That decision has become the final decision of the Secretary with the passage of sixty days.

In the meantime, on July 10, 1991, plaintiff filed a "Protective Motion for the Award of Attorney's Fees Pursuant to 28 U.S.C. § 2412, the Equal Access to Justice Act ['EAJA']". The Secretary responded with a motion to dismiss as untimely. Thereafter, on November 8, 1991, plaintiff filed a "Motion for Award of Attorney's Fees pursuant to 28 U.S.C. § 2412, the Equal Access to Justice Act ['EAJA']". The Secretary filed an amended response again asserting the untimeliness of the application. The response also included a motion to stay pending a decision by the United States Court of Appeals in *Dewalt v. Secretary of Health and Human Services*, No. 91–5199.

The Equal Access to Justice Act requires that "a party seeking an award of attor-

ney's fees and other expenses shall, within thirty days of final judgment, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive and award." 28 U.S.C. § 2412(d)(1)(B). Thus, the EAJA imposes a time limit of thirty days for applications for attorney's fees, the time limit being triggered by the entry of the final judgment in a civil action. The Secretary argues that plaintiff is jurisdictionally barred from filing an application for attorneys fees citing the recent decision of the United States Supreme Court in *Melkonyan v. Sullivan*, —— U.S. ——, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991).

Until *Melkonyan* was decided, a district court's order to remand was not considered to be a final judgment and therefore did not trigger the thirty-day filing period. Under the Third Circuit's decisions in *Brown v. Secretary of Health and Human Services*, 747 F.2d 878 (3d Cir.1984) ("*Brown 1984*") and *Taylor v. United States*, 749 F.2d 171, 174 (3d Cir.1984) the appropriate time for filing a petition for EAJA fees was after final judgment by the district court and after positive resolution on the merits, including the post-remand administrative proceeding.

With its decision in *Melkonyan*, the Supreme Court ruled that remands to the Secretary may only be made pursuant to either the fourth or sixth sentences of § 405(g). Remands authorized by the fourth sentence permit a court to enter "a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the case for a rehearing." *Sullivan v. Finkelstein*, 496 U.S. 617, 110 S.Ct. 2658, 2663–65, 110 L.Ed.2d 563 (1990). Cases are remanded pursuant to the sixth sentence when new evidence, not available to the claimant at the original proceeding, has come to light, thus possibly affecting the outcome of the case. *Id.* According to *Melkonyan*, remands made pursuant to the fourth sentence are by their nature final judgments. The thirty-

by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United

States was substantially justified or that special circumstances make an award unjust.

day period for filing attorney's fees applications, therefore, begins to run after remand and the appeal period has lapsed. *See* 28 U.S.C. § 2412(d)(2)(G). In sentence six cases, however, the filing period does not begin until after the post-remand proceedings are completed; that is, after the parties return to court, the court enters final judgment and the appeal period runs. *Melkonyan,* 111 S.Ct. at 2165.

The parties agree that the remand order in this case was entered pursuant to sentence four and not sentence six, which, in light of the subsequent Supreme Court ruling in *Melkonyan,* should now be viewed as a final order triggering the thirty day EAJA fee filing period.

Under the Third Circuit rule prior to *Melkonyan,* plaintiff was not required to file a fee application until thirty days after the district court entered final judgment and the appeal period had run. However, the period for plaintiff to file her fee application under *Melkonyan* has expired. Plaintiff argues that *Melkonyan* must be applied prospectively only, or she will be unfairly barred from recovering attorney's fees. Defendant maintains that *Melkonyan* must be applied retroactively, thereby jurisdictionally barring plaintiff from filing an application for fees.

■ Thus, the court must decide whether to afford *Melkonyan* prospective or retroactive application. After considering the parties' arguments, the court has determined that *Melkonyan* should be given prospective effect in the present case.

Ordinarily, judicial decisions are given retroactive effect. The Supreme Court, however, in *Chevron Oil Company v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), recognized that certain situations require non-retroactive application of judicial decisions. The Court articulated three factors that must be met before applying judicial decisions non-retroactively. First, the decision must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied or by deciding an issue of first impression whose resolution was not clearly foreshadowed. *Chevron,* 404 U.S. at 106–

07, 92 S.Ct. at 355–56. It cannot be doubted that the new principle of law as announced in *Melkonyan* has overruled clear past precedent (*Taylor* and *Brown 1984*) on which litigants have relied.

The second *Chevron* factor is whether retrospective operation will further or retard its operation. In so determining, the court must "weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect." *Chevron,* 404 U.S. at 107–08, 92 S.Ct. at 355–56. In enacting the EAJA, Congress sought to remove the financial barrier faced by individuals litigating valid claims against the government. The award of attorney's fees to prevailing parties was intended to overcome the harsh reality that in many cases it was "more practical to endure an injustice than to contest it." *Brown 1984,* 747 F.2d at 880, *citing* H.R.Rep. No. 1418, 96th Cong., 2d Sess., 9 (*reprinted in* 1980 U.S.Code Cong. & Admin.News 4953, 4984, 4988). To cut off plaintiff's opportunity to obtain counsel fees strikes at the heart of the EAJA which is to provide plaintiffs who seek the recovery of small amounts of money the opportunity to recover counsel fees. *Miller v. Sullivan,* Civ.A. No. 90–2408, 1991 WL 165067, at *3, 1991 U.S.Dist.Lexis 11919 (E.D.Pa. Aug. 23, 1991).

Finally, the court must weigh the inequity imposed by retroactive application, for "[w]here a decision could produce substantial inequitable results if applied retroactively, there is ample basis ... for avoiding the 'injustice or hardship' by a holding of non-retroactivity." *Chevron,* 404 U.S. at 108, 92 S.Ct. at 356. It would produce a "substantial inequitable result" to hold that plaintiff "slept on [her] rights" at a time when she could not have known the time limitation that the law imposed on her.

Clearly, the three *Chevron* factors weigh in favor of applying *Melkonyan* prospectively in the present case.

Defendant also argues that the thirty day time limit in 28 U.S.C. § 2412(d)(1)(B) is a waiver of sovereign immunity, and is, therefore, "juridictional and cannot be waived." *Taylor,* 749 F.2d at 174. Defen-

dant claims that the United States, as sovereign, is immune from suit save for the window of opportunity provided for by the statute. This argument ignores the intent of Congress in enacting the EAJA. Moreover, for the six weeks after this court's remand on April 29, 1991 until the *Melkonyan* decision was announced on June 10, 1991, plaintiff was in compliance with the Third Circuit's interpretation of the EAJA's filing requirements.

This Court would be remiss, however, if it did not examine the United States Supreme Court's latest decision in the area of retroactivity, *James Beam Distilling Co. v. Georgia*, —— U.S. ——, 111 S.Ct. 2439, 115 L.Ed.2d 481 (June 20, 1991). In *James Beam*, Justice Souter held that when the Supreme Court has applied a rule of law to litigants in one case it must do so with respect to all others not barred by procedural requirements or res judicata. *James Beam*, 111 S.Ct. at 2448. To a great extent, this holding limits the retroactivity ruling of *Chevron Oil*. "Once retroactive application is chosen for any assertedly new rule, it is chosen for all others who might seek its prospective application. The applicability of rules of law are not to be switched on and off according to individual hardship." *Audette v. Secretary of Health and Human Services*, 776 F.Supp. 84, 90 (D.R.I.1991) (footnote omitted), *citing James Beam*, 111 S.Ct. at 2447–48. *See also Fergason v. Sullivan*, 771 F.Supp. 1008 (W.D.Mo.1991).

■ Although this appears to require that *Melkonyan* be applied retroactively, despite *Chevron Oil*, the *James Beam* rule does not in fact produce this result. *Mel-*

*konyan*, though stating a new rule concerning fourth sentence remands, was not a fourth sentence remand case.[2] Therefore, the Supreme Court did not apply the new timeliness rule for fourth sentence remands to the litigants in *Melkonyan*.[3] There being no controlling application of the new rule, it is still an open question whether the *Melkonyan* rule should be applied prospectively or retrospectively in the present case. *Butts v. Bowen*, 775 F.Supp. 1167, 1171 (N.D.Ill.1991).

For the aforementioned reasons, *Melkonyan* will be applied prospectively so as not to bar plaintiff from filing a fee application because the time period for filing such has run. *Brown v. Sullivan*, Civ.A. No. 89–4138, 1991 WL 225012, at *3 (E.D.Pa. Oct. 29, 1991) (*"Brown 1991"*). *See also Miller*, 1991 WL 165067, at *2–3.

Plaintiff has demonstrated diligence by filing her protective motion for attorneys fees thirty days after the Supreme Court's *Melkonyan* decision. Plaintiff's reliance on existing circuit law excuses her from filing earlier, and her fee application, subsequently filed, will be considered timely.

In the event of a ruling favorable to plaintiff on the timeliness issue, defendant has asked the court to stay its decision pending the Third Circuit's determination in *Dewalt v. Sullivan*, No. 91–5199 (3d Cir. argued September 19, 1991).[4]

I can perceive of no reason why we should not proceed to complete the record in this case pending the ruling in *Dewalt*. As I understand it, Dewalt does not involve the timeliness of the fee application but only the factors that go into the computa-

---

**2.** In *Melkonyan*, the Supreme Court remanded the case to the district court to determine if the district court's remand came under sentence four or sentence six. *Audette*, 776 F.Supp. 84.

**3.** To the extent the new rule as to sixth sentence remands was to be applied on remand to the district court in *Melkonyan*, that part of *Melkonyan*'s holding would have resulted in the fee petition being found timely if the case had been found by the district court to be a sixth sentence remand. Thus, there was no retroactivity issue in *Melkonyan*.

**4.** The EAJA rate for attorney's hourly fees is limited to "$75 per hour unless the court deter-

mines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). Plaintiff requests in her application that the statutory rate be adjusted for inflation according to the Consumer Price Index (CPI) for Legal Services (in part). However, as defendant points out, *Dewalt* was appealed in order to determine whether the appropriate factor to be used in calculating the adjustment is the CPI for All Services or the CPI for Legal Services.

tion of the award. It seems to me that in this case, each side can offer evidence in support of their respective positions, the proper number of hours can be determined and then it will only be a question of which index to apply to the statutory rate. Perhaps by the time the record is completed, we will have some guidance from the Court of Appeals.

Accordingly, the request for a stay will be denied.