**Donald H. DOW, Plaintiff,**

v.

**Louis SULLIVAN, Secretary of Health and Human Services, Defendant.**

**Civ. No. 90–0301–B.**

United States District Court,
D. Maine.

Oct. 3, 1991.

Frederick B. Stocking, Pine Tree Legal Assistance, Inc., Machias, Me., for plaintiff.

Nancy Torresen, Asst. U.S. Atty., Bangor, Me., for defendant.

## ORDER AND MEMORANDUM
## OF OPINION

BRODY, District Judge.

Plaintiff, claiming disability benefits under the Supplemental Security Income (SSI) program established by Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 et seq., was found by an administrative law judge (ALJ) not to be disabled within the meaning of the Act. After the Appeals Council denied review of the ALJ's decision, the claimant sought judicial review in this Court pursuant to 42 U.S.C. § 1383(c)(3), which incorporates the review provisions of 42 U.S.C. § 405(g). A hearing was held and a Report and Recommendation was issued by the U.S. Magistrate. Plaintiff objects, in part, to the Report and Recommendation.

Plaintiff's objection, pursuant to 28 U.S.C. § 636(b)(1)(C), pertains only to the issue of jurisdiction as it relates to a petition for attorney's fees under the Equal Access to Justice Act 28 U.S.C. § 2412. In objecting the Plaintiff requests only guidance from the Court.

The standard for review with regard to that portion of the Magistrate's Report and Recommendation to which the Plaintiff objects is *de novo*.

The Court hereby ACCEPTS the Magistrate's Report and Recommendation, subject to the following clarifications:

## I. "FOURTH" V. "SIXTH" SENTENCE

In *Melkonyan v. Sullivan,* — U.S. —, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), the Supreme Court eliminated much of the uncertainty created by previous decisions involving judicial review of the Secretary's decisions. It is now clear that only two types of remands are permissible under 42 U.S.C. § 405(g): (i) a remand pursuant to the fourth sentence, and (ii) a remand pursuant to the sixth sentence.

Under sentence four, a District Court may remand in conjunction with a "judgment affirming, modifying, or reversing the decision of the Secretary." 42 U.S.C. § 405(g).

Under sentence six, the District Court does not affirm, modify or reverse the Sec-

retary's decision; it does not rule in any way as to the correctness of the administrative determination. Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding. ——— U.S. at ———, 111 S.Ct. at 2163, 115 L.Ed.2d at 92 (citing *Sullivan v. Finkelstein,* ——— U.S. ———, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990)). The statute further provides that following a sixth sentence remand, the Secretary must return to the District Court to file "with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based." 42 U.S.C. § 405(g).

The Plaintiff's application for SSI was denied on the ground that it did not meet or equal a listed impairment. Upon review pursuant to 45 U.S.C. § 405(g), the Secretary's determination that the applicant was not disabled cannot be sustained by substantial evidence.

The magistrate's recommendations fall squarely under sentence four. By accepting the Report and Recommendations, the Court is making a substantive ruling as to the correctness of the Secretary's decision. The Secretary's decision is reversed. No new evidence is being sought that the claimant had earlier failed to present.

THEREFORE, THE COURT REVERSES the decision of the Secretary.

Since there must be a determination as to whether the Plaintiff retains the capacity to engage in gainful activity, the Court REMANDS to the Secretary "Step 5" of the sequential evaluation process.

ORDERED, that this cause shall be and hereby is remanded to the Defendant for revaluation and further proceedings consistent with this opinion.

---

1. The First Circuit recently commented, "arguably it [Hudson] is not applicable to fourth sentence remands." *Trinidad v. Secretary of Health and Human Services,* 935 F.2d 13, 16 n. 2

## II.  PETITION FOR FEES

In light of the Report and Recommendation, Plaintiff seeks guidance from this Court with regard to the proper timing of a petition for attorney's fees under the Equal Access to Justice Act (EAJA). 28 U.S.C. § 2412.

The EAJA authorizes an award of attorney's fees to a prevailing party in civil actions against the Federal Government, unless the Court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A).

The EAJA also requires a Party seeking an award of attorneys fees to submit an application "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B).

Therefore, the issues presented to the Court are, whether a sentence four remand is a "final judgment" and if so can the claimant be said to be a "prevailing party."

It is the opinion of this Court that the answer to both questions is yes.

In *Sullivan v. Finkelstein,* ——— U.S. ———, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990), the Supreme Court held uncatagorically that fourth sentence remands are final judgments while sixth sentence remands are not. Having already decided that this case involves a fourth sentence remand it follows that the Court's action today constitutes a "final judgment." The holding of *Sullivan v. Hudson,* 490 U.S. 877, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989), is not contrary. Hudson, which allowed for the petition of Attorney's fees after the remand proceedings, was a sixth sentence remand.[1]

While a sentence six remand entails a continued involvement between the Secretary and the District Court, a sentence four remand terminates the "civil action" for which fees are available under 2412(d)(1)(A). The "civil action" is in fact

(1st Cir.1991). (citing *Wilson v. Sullivan,* 751 F.Supp. 1281 (N.D.Ill.1990), which held *Hudson* was not applicable to forth sentence remands).

terminated by our decision to reverse the Secretary and the Plaintiff has "prevailed" in this case. That is, the Plaintiff has succeeded in achieving substantially all of the benefit he sought in bringing the litigation, namely a reversal of the Secretary's decision.[2]

Therefore, the filing period begins after the judgment is entered by the Court and the appeal period has run, so that the judgment is no longer appealable. *Melkonyan,* —— U.S. at ——, 111 S.Ct. at 2165, 115 L.Ed.2d at 94.

REVERSED AND REMANDED.

**2.** This case is distinguishable from cases which hold a remand, "lack[s] both degree of finality and the causal connection to merit relief necessary to engage the EAJA", *Guglietti v. Secretary of H.H.S.,* 900 F.2d 397, 400 (1st Cir.1990). Unlike the typical remand situation, this case involves a fourth sentence remand which, by statute, accompanies a final judgment reversing the Secretary's decision.