David **PAYNE**, Plaintiff,

v.

Louis **SULLIVAN**, Secretary of Health and Human Services, Defendant.

Civ. A. No. 4:90–cv–299–RLV.

United States District Court,
N.D. Georgia,
Rome Division.

Nov. 20, 1991.

Order Jan. 24, 1992.

Dale L. Buchanan, Office of Dale L. Buchanan, Chattanooga, TN, for plaintiff.

Nina Loree Hunt, Office of U.S. Attorney, N.D. Ga., Atlanta, GA, for defendant.

## ORDER

VINING, District Judge.

This Social Security matter is before the court upon the plaintiff's motion for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).

In his complaint the plaintiff sought judicial review of a final decision of the Secretary, which determined that he was not entitled to disability insurance benefits or supplemental security income. By consent order signed on July 8, 1991, this court granted the parties' request to remand this action for further proceedings under Sentence 4 of 42 U.S.C. § 405(g). When that order was not appealed within the time allowed by law, it became a "final judgment" within the meaning of the EAJA. *Melkonyan v. Sullivan*, — U.S. —, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991). The plaintiff filed his motion for attorney's fees under the EAJA 31 days after the filing of this court's consent order.

The EAJA requires that a party seeking an award of fees "within thirty days of final judgment in the action submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection." 28 U.S.C. § 2412(d)(1)(B). In *Melkonyan* the Supreme Court held that the 30–day period begins to run after the time to appeal the final judgment has expired.

■ In order to receive attorney's fees under the EAJA, the party seeking such fees must be the "prevailing party" in a civil action brought by or against the United States, the position of the government must not have been substantially justified, the application for fees must have been timely, and there must be no special circumstances which would make an award unjust. The defendant does not argue that the application was untimely,[1] that his position was substantially justified, or that no special circumstances make an award unjust. The defendant argues only that the plaintiff is not a prevailing party.

To support his position, the defendant relies upon *Sullivan v. Hudson*, 490 U.S. 877, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989), wherein the Court noted that a remand to

the agency for further administrative proceedings did not necessarily dictate the receipt of benefits; consequently, the court noted, a claimant would not ordinarily attain "prevailing party" status within the meaning of the EAJA until after the result of the administrative proceedings was known. "We think it clear that under these principles a Social Security claimant would not, as a general matter, be a prevailing party within the meaning of the EAJA merely because a court has remanded the action to the agency for further proceedings." 490 U.S. at 887, 109 S.Ct. at 2255.

The Supreme Court's holding in *Hudson*, however, was seriously undermined by its subsequent decision in *Melkonyan*. The defendant acknowledges that if this court applies *Hudson* and does not allow the plaintiff to petition for EAJA fees at this time because he is not, under *Hudson*, a prevailing party in this action, the plaintiff would never be entitled to obtain such fees. This result comes about because under the clear holding of *Melkonyan* the plaintiff would be forever barred from obtaining such fees if his request was not filed within 30 days after the consent order entered by this court became final and not appealable. This court does not believe that the Supreme Court, or Congress, intended to cut off a plaintiff's entitlement to EAJA fees merely because he "prevailed" in obtaining a remand (which might eventually result in the award of benefits) as opposed to having "prevailed" in having the district court award such benefits. Under the defendant's interpretation, if the plaintiff in this action does, in fact, prevail before the agency on remand he would not be entitled to receive any EAJA fees for the time spent in this court because the time to have applied for such fees would have passed.

■ The defendant also argues that to be a "prevailing party" one must have prevailed on the merits of at least some of his claims. However, the cases cited by the

---

1. Although the plaintiff in this action filed his application for EAJA fees prematurely, in that he filed it prior to the time that the time to appeal had expired, this court holds that any error made by such premature filing was cured when the time to appeal expired without the filing of any notice of appeal. Consequently, this court holds that the EAJA application was timely filed.

defendant relate to attorney's fees awarded under statutes other than the EAJA. It is impossible for this court to determine whether, on remand, the plaintiff would prevail in some or all of his arguments relating to why he is entitled to Social Security benefits. All this court can determine is that it has ordered a Sentence 4 remand and that the Secretary's denial of benefits has not been affirmed. In obtaining a Sentence 4 remand, the plaintiff has substantially prevailed in his argument that the decision of the Secretary was not supported by substantial evidence. Consequently, this court holds that the plaintiff is a "prevailing party" and that the defendant is not entitled to any reduction in the award of EAJA fees merely because this court ordered a Sentence 4 remand rather than directing that the plaintiff receive an award of benefits.

■ The EAJA provides that attorney's fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Counsel for the plaintiff has submitted an itemization in which he seeks $2,775, representing 37 hours at $75 per hour. The defendant does not contend that the $75 per hour is unreasonable but does ask the court to scrutinize the total number of hours spent on the case. The court has reviewed the hours and hereby determines that the only time for which it will not allow recovery are those instances wherein the counsel for the plaintiff bills 15 or 30 minutes for merely receiving a letter or court document. Consequently, the court will reduce the number of hours for which fees will be awarded to 35.5 hours.

For the foregoing reasons, the plaintiff's motion for an award of attorney's fees pursuant to the EAJA is GRANTED, and the clerk will enter judgment for the plaintiff in the sum of $2,662.50.

SO ORDERED, this 19th day of November, 1991.

## ORDER

By order dated November 19, 1991, this court held that the plaintiff was a "prevailing party" within the meaning of the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), because he had obtained a Sentence 4 remand under 42 U.S.C. § 405(g) and was, therefore, entitled to an award of attorney's fees. The defendant has moved to alter or amend the judgment pursuant to Rule 59(e), Federal Rules of Civil Procedure.

The basis of the defendant's motion is that this court should wait until the administrative proceedings on remand are concluded to determine whether the plaintiff has fully prevailed on his claims. The defendant asks that this court simply hold in abeyance the plaintiff's motion for attorney's fees under the EAJA until such time as the administrative proceedings are concluded.

In his motion to alter or amend, the defendant cites *Sullivan v. Hudson*, 490 U.S. 877, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989), for the proposition that a Social Security claimant is not, as a general matter, a prevailing party within the meaning of the EAJA merely because a court has remanded the action to the agency for further proceedings. However, this court specifically addressed *Hudson* in its November 19 order and noted that it, and all other cases similarly holding, had been seriously undermined by the Supreme Court's decision in *Melkonyan v. Sullivan*, —— U.S. ——, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), in which the Supreme Court held that a Sentence 4 remand constituted a "final judgment" within the meaning of the EAJA. In essentially overruling Eleventh Circuit authority to the contrary, the Supreme Court in *Melkonyan* held that a district court did not retain jurisdiction over a Social Security claim when it orders a Sentence 4 remand.

Because a Sentence 4 remand constitutes a final judgment, any appeal or any motion for EAJA fees following such remand would constitute a new action and would not be a continuation of the prior action which, because of the entry of a final judg-

ment, had been fully adjudicated. Such a procedural framework make Social Security cases different from those other cases in which the court retains jurisdiction to award attorney's fees following the entry of a final judgment. In such cases the court looks to the acts of the parties in the case that has been adjudicated to determine whether a particular party is a prevailing party and, therefore, entitled to attorney's fees.

■ In Social Security actions, once the claimant obtains a Sentence 4 remand, he has "prevailed" in that litigation; whether he also prevails on remand must be decided in another case, and whether he is entitled to attorney's fees for prevailing in the remand action will be determined in another lawsuit. This court declines to subvert the holding of *Melkonyan* by retaining jurisdiction after a final judgment has been entered and a claim remanded for administrative proceedings.

For the foregoing reasons, the defendant's motion to alter or amend the judgment entered on November 20, 1991, is DENIED.

SO ORDERED, this 23rd day of January, 1992.