**Bertha GAGNON, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**Civ. No. 91–0064–B.**

United States District Court, D. Maine.

June 18, 1992.

---

Frank D'Alessandro, Pine Tree Legal Assistance, Presque Isle, Me., for plaintiff.

George T. Dilworth, Asst. U.S. Atty., Bangor, Me., for defendant.

### ORDER AND MEMORANDUM OF DECISION

BRODY, District Judge.

Plaintiff originally filed an action seeking review of Defendant Secretary's decision to deny her disability benefits under the Supplemental Security Income Program (SSI), 42 U.S.C. § 1381 *et seq.* On February 25, 1992, upon Defendant's motion, the Magistrate Judge reversed the Secretary's decision and remanded the cause. Now before the Court is Plaintiff's application for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). The EAJA provides in pertinent part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States ... unless the court finds the position of the United States was substantially justified or that special circumstances make such an award unjust.

28 U.S.C. § 2412(d)(1)(A).

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows the party is the prevailing party and is eligible to receive such an award under this subsection....

28 U.S.C. § 2412(d)(1)(B).

■ Both parties agree that the Secretary's decision was reversed and remanded pursuant to the "fourth sentence" of 42 U.S.C. § 405(g), *see Melkonyan v. Sullivan,* —— U.S. ——, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991) (authorizing only two types of remands under § 405(g): remands pursuant to the fourth sentence and re-

mands pursuant to the sixth sentence), and therefore constituted a final judgment. *Dow v. Sullivan,* 774 F.Supp. 46 (D.Me. 1991) ("a sentence four remand terminates the 'civil action' for which fees are available under 2412(d)(1)(A)."). Both parties also agree that Plaintiff's application is timely.[1] Defendant, however, contends that Plaintiff has not yet achieved the status of a 'prevailing party' for the purposes of the EAJA. According to Defendant, a party may be considered a prevailing party only after the Secretary awards benefits on remand. The Court disagrees.

In deciding whether a plaintiff is a prevailing party for purposes of an EAJA fee award the Court must determine whether the plaintiff "succeed[ed] on any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit." *McDonald v. Secretary of HHS,* 884 F.2d 1468, 1474 (1st Cir.1989) (quoting *Nadeau v. Helgemoe,* 581 F.2d 275, 278–79 (1st Cir.1978)).

In this case, the Court finds that the plaintiff has succeeded in achieving substantially all the benefit she sought in bringing the civil action, namely "a judgment ... reversing the decision of the Secretary ..: [and] remanding the cause for rehearing." 42 U.S.C. § 405(g). The plaintiff is, therefore, a prevailing party for the purposes of the EAJA and entitled to attorney's fees. *Accord, Audette v. Secretary of HHS,* 776 F.Supp. 84, 91 (D.R.I.1991) (holding that *Melkonyan* changed the definition of prevailing party and that upon the issuance of a sentence four remand the claimant becomes a prevailing party.).

Accordingly, Plaintiff's application for attorney's fees is GRANTED in the amount of nine hundred seventy-five dollars ($975.00).

---

**1.** *See Melkonyan,* 111 S.Ct. at 2165, "In sentence four cases, the filing period [for EAJA fees] begins after the final judgment ("affirming, modifying, or reversing") is entered by the court and the appeal period has run so that the judgment is no longer appealable." The Court notes that the Magistrate Judge's endorsement of the

Defendant's Motion for Remand fails to meet the separate document requirement of Fed. R.Civ.P. 58. The parties have, however, treated the judgment as final and neither party has raised the issue. The Court will, therefore, treat the final judgment as having been entered on February 25, 1992.