**Gus A. ALLBRITTON, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES,**
**Defendant.**

**Civ. A. No. 87–0223–F.**

United States District Court,
D. Massachusetts.

June 24, 1992.

█

Kenneth P. Neiman, Fierst, Neiman & Guyer, Northampton, Mass., for plaintiff.

Nancy B. Salafia, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER

FREEDMAN, Senior District Judge.

### I.  INTRODUCTION

Before the Court is plaintiff Gus A. Allbritton's petition for an award of attorney fees and other legal costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(B), for his lawyer's services rendered in connection with plaintiff's application for social security disability and disability insurance benefits. Defendant Secretary of Health and Human Services ("the Secretary") opposes the petition, asserting that plaintiff failed to file for reimbursement within the statutory time period.

On consideration of the parties' arguments and on scrutiny of the pertinent, albeit conflicting, case law on the subject, the Court rules that plaintiff may file a new application for attorney fees and costs. The Court need not decide the outcome of the alternative request for attorney's fees pursuant to 42 U.S.C. § 406(b).

### II.  BACKGROUND

On April 16, 1986, plaintiff filed an application for social security disability and disability insurance benefits. Administrative Record ("A.R.") 58–61. After a hearing before an Administrative Law Judge ("ALJ") in Augusta, Georgia, plaintiff's application was denied by the Secretary in a decision dated July 27, 1987. A.R. 5–14. The ALJ decided that plaintiff suffered from "post traumatic stress syndrome, depression or a personality disorder," but that plaintiff did not have "an impairment or combination of impairments listed in, or medically equal to[,] one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4." A.R. at 13. The Secretary's Appeals Council upheld the ALJ's determination on October 8, 1987. A.R. 2–3.

Plaintiff subsequently relocated to the Springfield, Massachusetts area, and filed with this Court, through Attorney Neiman, a challenge to the adverse administrative ruling. *See* 42 U.S.C. § 405(g) (providing for judicial review of a final decision by the Secretary). In an opinion dated June 4, 1990, the Court denied both plaintiff's motion to reverse the decision of the Secretary and defendant's motion for an order affirm-

ing the administrative decision. Memorandum and Order at 14 (June 4, 1990). The Court remanded the cause to the Secretary without modifying the administrative determination in any way. *Id.* Rather, the Court remanded the case "for a redetermination of the plaintiff's vocational abilities and eligibility for benefits," *id.*, in accord with the Secretary's five-tier inquiry. *See* 20 C.F.R. §§ 404.1520–404.1520a; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6–7 (1st Cir.1982).

On remand, an ALJ in Florida, where plaintiff had moved, found, contrary to the previous administrative decision, that plaintiff's mental condition met an impairment listed in the Secretary's regulations. Decision Upon Remand by the Appeals Council (May 31, 1991) (attached to Plaintiff's Application for Award of Attorney's Fees Under Equal Access to Justice Act, 28 U.S.C. § 2412, or, Alternatively, Approval of Fees under 42 U.S.C. § 406(b) (January 17, 1992) ("Plaintiff's Fee Application"). As a result, the ALJ awarded disability and disability insurance benefits, noting that "[t]he claimant has been under a 'disability,' within the meaning of the Social Security Act, since April 14, 1984." *Id.* at 6.

On January 17, 1992, plaintiff filed this petition for attorney fees and litigation costs pursuant to section 2412(d)(1)(B), or, in the alternative, pursuant to 42 U.S.C. § 406(b). The Secretary responded with an opposition to the application for fees and related expenses. Defendant's Opposition to Plaintiff's Application for Attorney's Fees under the Equal Access to Justice Act (January 29, 1992) ("Defendant's Opposition").

## III. THE CONTROLLING LAW AND THE LEGAL DILEMMA

The Secretary's opposition to an award of legal fees and expenses in this instance rests on a body of higher authority, that, when construed in a literal fashion, cultivates a dilemma of sorts, an unresolved paradox. The federal district courts and some of the circuit courts, though not the First Circuit, already have weeded through the thorny issue. Like a defiant annual, the question takes root and blossoms, this time, before this tribunal. The Court addresses the problem for the first time, and attempts to put the issue to bed.

An understanding of the dilemma meshes one in a tangle of statutory construction and case-law interpretation. One of the relevant statutes provides for judicial review of an unfavorable final decision of the Secretary:

Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the District Court of the United States for the District of Columbia. As part of his answer the Secretary shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. *The court shall have the power to enter, upon the pleadings and the transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing.* The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive, and where a claim has been denied by the Secretary or a decision is rendered under subsection (b) hereof which is adverse to an individual who was a party to the hearing before the Secretary, because of failure of the claimant or such individual to submit proof in conformity with any regulation prescribed under subsection (a) hereof, the court shall review only the question of conformity with such regulations and the validity of such regulations. *The court may, on motion of the Secretary made for good cause shown before*

*he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence that is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and that the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the of the additional record and testimony upon which his action in modifying or affirming was based.* Such additional or modified findings of fact and decision shall be reviewable only to the extent provided for review of the original findings of fact and decision. The judgment of the court shall be final except that it shall be subject to review in the same manner as a judgment in other civil actions. Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of the Secretary or any vacancy in such office.

42 U.S.C. § 405(g) ("section 405(g)") (emphasis at sentences four and six supplied).

The Supreme Court of the United States recently held that a federal district court may remand a case to the Secretary pursuant only to the two underscored portions of section 405(g), *i.e.*, a court may order a "sentence four" or "sentence six remand." *Melkonyan v. Sullivan*, —— U.S. ——, 111 S.Ct. 2157, 2164, 115 L.Ed.2d 78, 93 (1991). A remand under sentence four ordinarily accompanies a final judgment which affirms, modifies or reverses the Secretary's decision. *Id.* 111 S.Ct. at 2163, 115 L.Ed.2d at 91–92; *Sullivan v. Finkelstein*, 496 U.S. 617, 624–25, 110 S.Ct. 2658, 2663–64, 110 L.Ed.2d 563, 573 (1990). A sixth-sentence remand, however, "describes an entirely different kind of remand, appropriate when the district court learns of evidence not in existence or available to the claimant at the time of the administrative proceeding that might have changed the outcome of that proceeding." *Finkelstein*, 496 U.S. at 626, 110 S.Ct. at 2664, 110 L.Ed.2d at 574. If a court remands to the Secretary pursuant to sentence six, then it must comply with the language of that provision and the court must base its ruling on a discovery of "new evidence" and must make the requisite finding of "good cause." *Melkonyan*, 111 S.Ct. at 2164, 115 L.Ed.2d at 93–94. The amendments to section 405(g) support a view that the requirements of sentence six are to be strictly construed. *Id.* 2164, 115 L.Ed.2d at 93 ("In amending the sixth sentence of § 405(g) in 1980, Congress made it unmistakably clear that it intended to limit the power of District Courts to order remands for 'new evidence' in social security cases.").

An important consequence distinguishes sentence four and sentence six remands under section 405(g). Whereas a federal district court normally divests itself of jurisdiction, a final order issuing, on remand pursuant to the fourth sentence, a court retains jurisdiction over a remand in accord with sentence six. In this case, the Court deals with a remand under sentence four of section 405(g).[1]

The Equal Access to Justice Act provides, in pertinent part:

A party seeking an award of fees and other expenses shall, *within thirty days of final judgment in the action*, submit to the court an application for fees and other expenses which shows that the party is a *prevailing party* and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was *not substan-*

---

**1.** Because the Court finds that its order did not comply with the language contained in sentence six, the Court rules that its remand issued pursuant to the fourth sentence of section 405(g).

*tially justified.* Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B) ("the EAJA") (highlights added). In 1985, the Congress amended the EAJA, defining a "final judgment," for EAJA purposes, as one that is final and *not* appealable. 28 U.S.C. § 2412(d)(2)(G). A party filing for attorney fees and costs pursuant to the EAJA, then, must file an application not fewer than thirty days after entry of final judgment, and not later than sixty days subsequent to such judgment.

The *Melkonyan* court decided "that the EAJA requires a 'final judgment' to be entered by a court," as opposed to an administrative agency. *Melkonyan*, 111 S.Ct. at 2162, 115 L.Ed.2d at 91. The EAJA provides, by its terms, that only a "prevailing party" may apply for fees and costs under the act. The First Circuit Court of Appeals has ruled that the thirty-day application window is jurisdictional in nature. *Howitt v. U.S. Dep't of Commerce*, 897 F.2d 583, 584 (1st Cir.1990) (collecting cases). In *Sullivan v. Hudson*, 490 U.S. 877, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989), the Supreme Court held that a remand to the Secretary does not render the claimant a prevailing party within the meaning of the EAJA:

> [I]n a case such as this one, where a court's remand to the agency for further administrative proceedings does not necessarily dictate the receipt of benefits, the claimant will not normally attain "prevailing party" status within the meaning of § 2412(d)(1)(A) until the result of the administrative proceedings is known.... [I]n order to be considered a prevailing party, a plaintiff must achieve some of the benefit sought in bringing the action. We think it clear that under these principles a Social Security claimant would not, as a general matter, be a prevailing party within the meaning of

the EAJA merely because a court had remanded the action to the agency for further proceedings.

*Hudson,* 490 U.S. at 886, 109 S.Ct. at 2254, 104 L.Ed.2d at 951 (citations omitted). *Accord Finkelstein,* 496 U.S. at 629, 110 S.Ct. at 2666, 110 L.Ed.2d at 577.

With these statutes and interpretive decisions in mind, it is easy to delineate the dilemma that unfolds, for the deductive process, on literal consideration of the statutory provisions and the judicial opinions, is an exercise in *reductio ad absurdum:*

1. A federal district court may remand to the Secretary only under sentence four or sentence six of section 405(g).

2. A remand pursuant to sentence four must accompany entry of a final judgment reversing, modifying or affirming the decision of the Secretary.

3. In this case, the Court did not remand in accordance with sentence six.

4. Therefore, the Court remanded under sentence four, and a final judgment must have issued on remand.

5. The EAJA requires that a prevailing party file an application for attorney fees and related costs not earlier than thirty days, and not later than sixty days, following entry of final judgment by a federal district court.

6. The thirty-day application window under the EAJA is jurisdictional, so a court lacks power to award fees and costs on an application filed outside of the window.

7. An individual cannot be a prevailing party, for EAJA purposes, unless he or she attains some of the benefit sought in bringing the action under section 405(g).

8. In this case, plaintiff did not attain some of the benefit sought, *i.e.,* disability and disability insurance benefits, by way of the remand order.

9. Therefore, plaintiff in this instance was not a prevailing party, within the meaning of the EAJA, on remand to the Secretary.

10. In this case, plaintiff achieved prevailing party status when the Secretary awarded disability and disability insur-

ance benefits in a post-remand administrative decision.

11. In this case, plaintiff was foreclosed from applying for attorney fees and litigation costs under the EAJA, because the thirty-day application window had expired by the time plaintiff became eligible, as a prevailing party, to apply for reimbursement of such fees and costs.

12. Therefore, plaintiff in this instance may not recover attorney fees and related costs under the EAJA, even if the Secretary's initial denial of the sought-after benefits was not substantially justified, and even though non-recovery of fees and costs would defeat the purpose and thwart the legislative intent of the EAJA.

Again, the Court emphasizes that this proof is grounded in a literal reading of the pertinent statutory provisions and Supreme Court decisions. The discussion that follows fleshes out the significant problems associated with the legal dilemma, and fashions a solution to the question presented.

## IV. DISCUSSION

### A. *Retroactive Effect*

■ For two reasons, the Court subscribes to the Secretary's position that the holding in *Melkonyan* should apply retroactively. First, the Supreme Court's ruling in *James B. Beam Distilling Co. v. Georgia,* —— U.S. ——, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991), compels retroactive application. Second, the EAJA thirty-day filing period is jurisdictional, *Howitt,* 897 F.2d at 584, and the Court may not deny retroactive effect so as to create subject matter jurisdiction where none exists. *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 379–80, 101 S.Ct. 669, 676, 66 L.Ed.2d 571 (1981).

At least one sister court in this Circuit agrees that the *Melkonyan* decision applies retroactively. *Audette v. Secretary of Health & Human Servs.,* 776 F.Supp. 84, 89–90 (D.R.I.1991). To the extent that other federal courts give *Melkonyan* only prospective effect, the Court finds the reasoning unpersuasive.

### B. *Tackling the Dilemma*

The dilemma outlined above presents an interesting problem to the Court, especially given the absence of explicit First Circuit guidance. Nonetheless, one federal district court in this Circuit has addressed the issue thoroughly. *See Heredia v. Secretary of Health & Human Servs.,* 783 F.Supp. 1550 (D.P.R.1992). Rather than reiterate in detail the reasoning set forth in *Heredia,* the Court embraces its holding and rationale *in toto,* and simply extends the analysis to the case at bar.

■ The *Heredia* court recognized a sub-category of remand under sentence four of section 405(g) that allows a district court to retain jurisdiction of the case until the Secretary makes his post-remand determinations. *Id.* at 1557–58. Finding its decision consistent with *Hudson,* the district court noted:

Since the Secretary has developed a five-step sequential process to make its disability determinations, ... a decision to remand like the one made here—so that the Secretary could evaluate further evidence ...—does not reverse the Secretary's decision, but simply orders the Secretary to continue the five-step evaluation process.... Allowing the district court to retain jurisdiction under such circumstances makes sense, as the Supreme Court in *Hudson* acknowledged, since the court is usually correcting legal or factual errors and will not make a "final" decision—determining whether substantial evidence exists in the record for the Secretary's decision—until these errors have been corrected and the Secretary's regulations are properly applied.

*Id.* at 1557 (citations omitted). The Court agrees.

Moreover, careful reading of *Melkonyan* allows for this holding. The Supreme Court recognized that the congressional amendments to sentence six of section 405(g) placed no limitations on sentence-four remands:

The amendment to sentence six, of course, was not intended to limit a District Court's ability to order remands un-

der sentence four. The House Report explains that "[t]his language [amending sentence six] is not to be construed as a limitation of judicial remands currently recognized under the law in cases which the Secretary has failed to provide a full and fair hearing, to make explicit findings, or to have correctly apply [sic] the law and regulations." H.R.Rep. No. 96–100 at 13 (1979).

*Melkonyan,* 111 S.Ct. at 2164, 115 L.Ed.2d at 94. In cases like the one at hand, the Court routinely remands to the Secretary for further proceedings without entering final judgment and without complying with the strict mandates of sentence six. Indeed, the Court recently remanded to the Secretary under sentence four while explicitly retaining jurisdiction. *Rodriquez–Ayala v. Secretary of Health & Human Servs.,* No. 91–30160–F, slip op. at 2 n. 2, 1992 WL 188816 (June 3, 1992). Courts of Appeal in other circuits have concluded, even after *Melkonyan,* that a district court may remand under sentence four of section 405(g) yet still retain jurisdiction over the action. *E.g., Gutierrez v. Sullivan,* 953 F.2d 579, 584 (10th Cir.1992); *Welter v. Sullivan,* 941 F.2d 674, 675 (8th Cir.1991). The Seventh Circuit has held that the Secretary's acquiescence to a district court remand order without entry of final judgment prohibited the Secretary from raising the question of jurisdiction on appeal. *Damato v. Sullivan,* 945 F.2d 982, 987 n. 3 (7th Cir.1991).

The remand order itself in this case buttresses the view that the Court retained jurisdiction. The Court's Memorandum and Order dated June 4, 1990 by its terms denied plaintiff's motion for an order reversing the Secretary's denial of benefits *as well as* the Secretary's motion for an order affirming its decision. The Memorandum and Order in no way modified the Secretary's determination. Finally, the Court notes that the Clerk of Court has never entered a final judgment on the docket. The facts in this case, then, show that the Court intended to retain jurisdiction on remand to the Secretary under sentence four.

Other federal courts have employed different means in arriving at the same practicable result reached today. The Court addresses some of these alternative routes and briefly notes their shortfalls.

Some courts have equitably tolled the thirty-day time frame for filing an application of attorney fees and costs under the EAJA. *See Luna v. Secretary of Health & Human Servs.,* 948 F.2d 169, 173 (5th Cir.1991); *Frizzell v. Sullivan,* 937 F.2d 254, 257 (5th Cir.1991). Because the First Circuit has ruled that the thirty-day period is jurisdictional, this solution to the problem is unavailable.

Courts in the Third, Fourth and Seventh Circuits have given only prospective effect to the *Melkonyan* decision, but, as stated above, the Court believes that the Supreme Court's holding applies retroactively. *See Sargent v. Sullivan,* 941 F.2d 1207 (4th Cir.1991) (unpublished opinion), *reported in full,* 1991 WL 160091, 1991 U.S.App. LEXIS 19,457; *Sykes v. Sullivan,* 779 F.Supp. 29, 31–33 (E.D.Pa.1991); *Butts v. Bowen,* 775 F.Supp. 1167, 1171–72 (N.D.Ill.1991).

At least one court has labelled a somewhat ambiguous order a sentence six remand, perhaps to avoid application of *Melkonyan. See Thomason v. Sullivan,* 777 F.Supp. 1277, 1279 (D.S.C.1991). The Court declines to do so here, and instead meets the issue head on.

To sum, the Court today enters a final judgment in this case in favor of plaintiff and will issue judgment pursuant to Fed. R.Civ.P. 58 in a separate document.

### C. Substantial Justification and Amount of Award

Because the Court today enters final judgment in this matter, it lacks jurisdiction to decide the questions of substantial justification and an award amount. Plaintiff shall file a new application for fees and costs within thirty (30) days after judgment is entered and no longer appealable. That is, plaintiff may file a new application no earlier than August 25, 1992 and no later than September 23, 1992. In the circumstances of this case, the Secretary shall

have fifteen (15) days to respond to the fee application.

### V.  CONCLUSION

For the foregoing reasons, the Court at this time rules as follows:

1.  the Court's remand in this case was a sentence four remand under section 405(g);

2.  the Court retained jurisdiction in this case until the Secretary made his post-remand determination as to plaintiff's application for disability and disability insurance benefits;

3.  the Secretary now has made his final decision and granted plaintiff such benefits;

4.  the Court hereby ISSUES a final judgment in this case and will enter, in a separate document, such judgment pursuant to Fed.R.Civ.P. 58;

5.  the Court ALLOWS plaintiff to file a new application for fees and costs under the EAJA not earlier than August 25, 1992 and not later than September 23, 1992;

6.  if plaintiff files a new application, the Court ORDERS the Secretary to respond to the merits of the application within fifteen (15) days of plaintiff's filing.

It is So Ordered.