Marie HIGDON, Plaintiff,

v.

Louis W. SULLIVAN, Secretary of Health and Human Services, Defendant.

Civ. A. 4:91–cv–264–HLM.

United States District Court, N.D. Georgia, Rome Division.

Jan. 12, 1993.

Dale Lane Buchanan, Chattanooga, TN, for Marie Higdon.

Nina Loree Hunt, Office of U.S. Atty., Atlanta, GA, for Louis W. Sullivan.

## ORDER

HAROLD L. MURPHY, District Judge.

This case is before the Court on Defendant's Objections to the Magistrate's Report and Recommendation which recommended that this Court grant Plaintiff's petition for attorney's fees under the Equal Access to Justice Act (EAJA). For the reasons stated below, the Court agrees with and adopts the Magistrate's Report and Recommendation.

On December 2, 1991, Plaintiff filed the present civil action contending that the Secretary wrongfully denied her claim for Social Security disability benefits. On March 22, 1992, the Secretary filed his answer and on May 5, 1992, the Secretary moved the Court to have the case remanded back to the Administrative Law Judge so he could obtain Plaintiff's updated medical records.[1] Plaintiff did not oppose the Secretary's motion. On August 21, 1992, the Magistrate recommended that the Court remand the action back to the Secretary. Thereafter, on October 5, 1992, the Court granted Defendant's motion to remand.

Subsequent to the filing of the Magistrate Report and Recommendation (R & R), but prior to this Court's Order adopting the R & R, Plaintiff filed her petition for attorney's fees.[2] In her petition, Plaintiff claims that she is presently entitled to attorney's fees because she prevailed in procuring a remand of the Secretary's decision. *See* OCTOBER 5, 1992 ORDER. Defendant contends, however, that although Plaintiff had to file the petition after the remand,[3] the Court should retain jurisdiction of the attorney's fee petition and hold it in abeyance until after the Secretary has made a final determination regarding Plaintiff's claim for disability benefits. Defendant argues that a party cannot be a "prevailing party" and be entitled to attorney's fees in a social security case until the claimant is awarded disability benefits. The Magistrate disagreed and concluded that in light of *Melkonyan v. Sullivan,* —— U.S. ——, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), Plaintiff was a prevailing party upon procuring a remand order from this Court. Consequently, according to the Magistrate, the Court should not hold the

---

**1.** Defendant specified in his Motion to Remand that the remand would be made pursuant to 42 U.S.C. § 405(g) sentence four in accordance with *Melkonyan v. Sullivan,* —— U.S. ——, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991).

**2.** Technically, Plaintiff's petition is premature because it was filed prior to this Court's final order. However, as the Secretary has not opposed the petition on the grounds of timeliness, the Court will deem the petition timely filed.

**3.** Normally, a petition for attorney's fees under the EAJA must be filed "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). An Order is not final under the EAJA until after the time to appeal has expired. 28 U.S.C. § 2412(d)(2)(G). Thus, "[a] party filing for attorney's fees and costs pursuant to the EAJA, ..., must file an application not fewer than thirty days after entry of final judgment, and not later than sixty days subsequent to such judgment." *Allbritton v. Sullivan,* 796 F.Supp. 35, 39 (D.Mass.1992).

matter in abeyance; instead, the Court should grant Plaintiff's petition for attorney's fees at this time.

Defendant has timely filed his objections to the Magistrate's Report and Recommendation. In his objections, Defendant raises only one issue:[4] Can a Claimant in a Social Security case be a "prevailing party" and be awarded attorney's fees after procuring a remand from the District Court, even though no final determination as to the Claimant's disability benefits has been rendered?[5]

---

**4.** As stated above, Defendant does not object to the timeliness of the petition, nor does he contest the amount of attorney's fees the Magistrate awarded or whether the Magistrate was correct in deciding that the Secretary's opposition to the disability benefits was "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

**5.** At least three other Courts in this district have addressed this issue after *Melkonyan.* Judge Vining decided that a claimant is a "prevailing party" and entitled to attorney's fees when the claimant procures a sentence four remand from the District Court back to the Secretary. *Payne v. Sullivan,* 813 F.Supp. 811 (N.D.Ga.1991). Judge Vining reasoned that the claimant "prevailed" in his attempt to show that the Secretary's decision was not supported by substantial evidence and, therefore, the claimant was a "prevailing party" under the EAJA and entitled to attorney's fees.

Thereafter, both Judge Tidwell and Judge Camp concluded that the District Court should defer ruling on EAJA petitions until after the final determination regarding the claimant's disability benefits. *See Ferguson v. Sullivan,* No. 1:85–cv–2146–GET (N.D.Ga. April 17, 1992); *Sherrer v. Sullivan,* No. 1:91–cv–764–JTC, 1992 WL 442691 (N.D.Ga. Oct. 5, 1992). Judge Camp distinguished *Payne* by stating that the Secretary had refined his position after Judge Vining entered his order in *Payne* by contending in *Sherrer* that although the petition had to be filed within thirty days of the appeal time, the district court should hold the attorney's fee petition in abeyance until after a final determination regarding benefits was given. Implicit in these determinations to defer ruling on the issue is that a claimant is not a "prevailing party" for EAJA purposes until after he receives disability benefits on the remand. Other Courts in other jurisdictions have specifically rejected the possibility of holding the petition in abeyance. *See, e.g., Hafner v. Sullivan,* 972 F.2d 249, 249–50 (8th Cir.1992).

**6.** As discussed *infra,* there are two types of remands in a Social Security case: (1) a sentence four remand and a sentence six remand. *See* 42 U.S.C. § 405(g) (sentences four and six).

Prior to the Supreme Court's decision in *Melkonyan,* the law in the Eleventh Circuit was that a social security claimant could not be a prevailing party upon procuring a remand from the district court alone; instead, the touchstone of prevailing party status was whether the claimant ultimately received disability benefits after the remand. *Sullivan v. Hudson,* 490 U.S. 877, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989)[6]; *Myers v. Sullivan,* 916 F.2d 659, 666 (11th Cir.1990). *Melkonyan,* however, has seemingly changed the law because it has

The Supreme Court stated in *Hudson:* "[W]here a court's remand to the agency (Secretary) for further administrative proceedings does not necessarily dictate the receipt of benefits, the claimant will not normally attain prevailing party status within the meaning of [28 U.S.C.] § 2412(d)(1)(A) until after the result of the administrative proceedings is known." *Hudson,* 490 U.S. at 886, 109 S.Ct. at 2254. This language is the impetus for the confusion surrounding "prevailing party" status after *Melkonyan.*

Some Courts argue that *Hudson* only applies to sentence six cases because *Hudson* itself was a sentence six case. *See Trinidad v. Sullivan,* 935 F.2d 13, 16 n. 2 (1st Cir.1991); *Wilson v. Sullivan,* 751 F.Supp. 1281 (N.D.Ill.1990). *But see Labrie v. Sullivan,* 976 F.2d 779, 783 & 785 (1st Cir.1992) (a different panel of the First Circuit concludes that *Hudson* is a sentence four case.)

Other Courts argue that *Melkonyan* overruled *Hudson sub silentio.* This Court does not agree. The Supreme Court itself interpreted *Hudson* in *Melkonyan* and stated: "*Hudson* thus stands for the proposition that in those cases where the district court retains jurisdiction of the civil action and contemplates entering a final judgment following the completion of administrative proceedings, [i.e. sentence six remands] a claimant may collect EAJA fees for work done at the administrative level." *Melkonyan,* —— U.S. at ——, 111 S.Ct. at 2162, 115 L.Ed.2d at 91. Thus, *Hudson* and *Melkonyan* can be harmonized when viewed through the Supreme Court's interpretation of its own cases. Although such a reading may open a Pandora's box for the Secretary in regards to attorney's fee petitions, it is not in this Court's authority or province to ignore precedent to reach a better and more efficient solution to this problem, i.e., such as not allowing prevailing party status until after a final decision has been rendered concerning Plaintiff's disability benefits. *See Spurlock v. Sullivan,* 783 F.Supp. 474, 479 (N.D.Cal.1992) (even though *Hudson* factually involved a sentence four remand, *Melkonyan* limited *Hudson* precedentially to sentence six remands.)

changed the legal classification of a sentence four remand.

■ Under Melkonyan there are *only* two types of remands.[7] Either a case is remanded pursuant to sentence four or it is remanded pursuant to sentence six. A sentence six remand is one which involves the use of "new" evidence which was not originally presented to the Secretary for "good cause." *See Sullivan v. Finkelstein*, 496 U.S. 617, 626, 110 S.Ct. 2658, 2664, 110 L.Ed.2d 563 (1990) ("the sixth sentence of § 405(g) plainly describes an entirely different kind of remand, appropriate when the court learns of evidence not in existence or available to the claimant at the time of the administrative proceeding that might have changed the outcome of that proceeding."). A sentence four remand is any other type of remand, i.e., reevaluating the case under the proper regulations and grids, posing new hypotheticals to the vocational expert, or taking additional testimony not based on "new" evidence. If a case is not remanded under sentence six, then it must be remanded under sentence four. *See Heredia v. Sullivan*, 783 F.Supp. 1550, 1555 (D.Puerto Rico 1992); *Gagnon v. Sullivan*, 792 F.Supp. 873, 873 (D.Me.1992); *Boronat v. Sullivan*, 788 F.Supp. 557, 559 (S.D.Fla.1992).

■ *Melkonyan* also states that a sentence four remand is a "final appealable order" which must be accompanied by a final judgment ending the cause of action in the district court. *Melkonyan*, —— U.S. at ——, 111 S.Ct. at 2164, 115 L.Ed.2d at 94. Consequently, as a sentence four remand is a final order, someone must have won and someone must have lost at this juncture—that is the very nature and basic tenet of a final order. *See Magray v. Sullivan*, 807 F.Supp. 495 (E.D.Wis.1992). Therefore, if a party requested a remand as part of his request for relief and received a remand, then that party is a "prevailing party." *See Id.; Spurlock v. Sullivan*, 783 F.Supp. 474, 481 (N.D.Cal.1992); *Audette v. Sullivan*, 776 F.Supp. 84, 91 (D.R.I.1991); *Dow v. Sullivan*, 774 F.Supp. 46 (D.Me.1991); *Sesker v. Sullivan*, 779 F.Supp. 1042, 1044 (W.D.Mo.1991); *Payne v. Sullivan*, No. 4:90–cv–299–RLV (N.D.Ga. Nov. 21, 1991).[8] *But see Bertrand v. Sullivan*, 976 F.2d 977, 979 (5th Cir.1992) (not "prevailing party" because no award of benefits).

■ Such is the situation with the case at bar. Plaintiff asked for an award of benefits or a remand for further proceedings. The Secretary decided, after he filed his answer, that a sentence four remand was appropriate; consequently, the Court remanded the case back to the Secretary for further proceedings. Therefore, Plain-

7. Other courts have concluded that there is a subcategory of sentence four remands. *See Baker v. Sullivan*, 799 F.Supp. 232, 234 (D.N.H. 1992); *Allbritton v. Sullivan*, 796 F.Supp. 35, 40 (D.Mass.1992). This Court does not agree because *Melkonyan* specifically addressed that issue and rejected it.

The Secretary ... argu[es] that the District Court has inherent authority to enter other types of remand orders [in addition to sentence six and sentence four remands]. On this point, [we disagree]. As mentioned in *Finklestein* we analyzed § 405(g) sentence-by-sentence and identified two kinds of possible remands under the statute. While we did not state explicitly at that time that these were the *only* kinds of remands permitted under the statute, we do so today.

. . . . .

Congress' explicit delineation in 405(g) regarding the circumstances under which remands are authorized leads us to conclude that it intended to limit the district court's

authority to enter remanded orders to these types only.
*Melkonyan*, —— U.S. at ——, 111 S.Ct. at 2164, 115 L.Ed.2d at 92–93. The Supreme Court further stated that:

Congress believed courts were often remanding Social Security cases without good reason. While normally courts have inherent power, ..., to remand cases (citations omitted), both the structure of § 405(g) as amended, and the accompanying legislative history show Congress' *clear intent to limit courts to two kinds of remands in these cases.*
*Id.* —— U.S. at ——, 111 S.Ct. at 2165, 115 L.Ed.2d at 94 (emphasis added). Attempts to circumvent this language by calling the additional type of remand a "subcategory" of sentence four are unpersuasive to this Court.

8. The Secretary stated in his brief that this case was currently pending on appeal; however, upon inquiry to the Eleventh Circuit this Court was informed that the appeal was voluntarily dismissed on April 13, 1992.

tiff prevailed in this civil action because with a sentence four remand a final judgment was entered and she received some of the relief she requested. *Magray,* 807 F.Supp. at 498. In obtaining the sentence four remand Plaintiff has substantially prevailed with her assertion that the Secretary's denial of disability benefits was not supported by substantial evidence. To achieve "prevailing party" status requires nothing else from Plaintiff after *Melkonyan.*

Furthermore, under the typical definition of prevailing party, used in other types of cases where attorney's fees can be awarded, Plaintiff is a prevailing party because she altered the legal relationship among the litigating parties. *See Texas State Teachers Ass'n v. Garland Indep. School Dist.,* 489 U.S. 782, 792, 109 S.Ct. 1486, 1493, 103 L.Ed.2d 866 (1989). Prior to the remand there was no chance that Plaintiff could receive disability benefits because the Secretary had already denied her petition. After the remand, Plaintiff again has a chance to be awarded benefits.

CONCLUSION

The Secretary does not contend that his position was substantially justified; therefore, absent special circumstances Plaintiff is entitled to attorneys fees if she is a prevailing party. 28 U.S.C. § 2412(d)(1)(A). As the Court has determined that Plaintiff is a prevailing party, and that no special circumstance exists preventing the award of attorney's fees, the Court agrees with and adopts the Magistrate's Report and Recommendation awarding attorney's fees at this juncture.

Accordingly, the Court OVERRULES Defendant's Objections and ADOPTS the Magistrate's Report and Recommendation awarding Plaintiff $862.50 in attorney's fees.

IT IS SO ORDERED.

